there was sufficient evidence to support a finding of guilty and that "the trial judge was in the best position to judge the credibility of the witnesses."

The *Greenberg* case is distinguishable only to the extent that the testifying officer there had considerable experience in arresting intoxicated motorists. However, the element of experience or inexperience does not enhance or diminish the sufficiency of the evidence adduced, but bears solely on the issue of witness credibility. In the case at bar, the trial court was fully apprised of the relative inexperience of the testifying officer, but found him credible nonetheless. Where the guilt or innocence of the defendant depends upon the credibility of conflicting testimony, the finding of the trial court will not be disturbed. (*People v. Cool*, 26 Ill.2d 255, 258, 186 N.E.2d 254.) We should adhere to that well-established rule in this case.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVYN ALLEN, Defendant-Appellant.

(No. 56845;

First District—April 20, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Judith C. Smith and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.